**Scharf-Norton Center for**
**Constitutional Litigation at the**
**GOLDWATER INSTITUTE**
Jonathan Riches (025712)
Stacy Skankey (035589)
500 E. Coronado Rd.
Phoenix, Arizona 85004
(602) 462-5000
litigation@goldwaterinstitute.org

*Attorneys for Plaintiff*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BARRY GOLDWATER INSTITUTE FOR PUBLIC POLICY RESEARCH, | No. |
| Plaintiffs, | |
| vs. | **COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF** |
| U.S. DEPARTMENT OF EDUCATION, | |
| Defendants, | |

1.  This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), for declaratory, injunctive, and other appropriate relief and seeking the disclosure of agency records improperly withheld from Plaintiff Goldwater Institute ("Institute") by Defendant U.S. Department of Education ("DOE").

2.  The Goldwater Institute is a free-market public policy research and litigation organization dedicated to advancing the principles of limited government, economic freedom, and individual liberty, with a focus on education, free speech, healthcare, property rights, and constitutional limits. The Institute regularly publishes scholarly articles, opinion pieces, blog posts, and interacts with the public regularly

through the news media and its own distribution channels discussing pressing issues of public policy and of public interest and importance.

3.     On October 31, 2023, the DOE issued a press release announcing a record fine of $37 Million against Grand Canyon University for alleged deceptive practices related to its PhD programs. This press release was widely discussed in the public and garnered national media attention for, among other things, its unprecedented fine amount.

4.     The Institute submitted a public records request to the DOE under the FOIA for documents meaningfully informative to the public on matters of public concern and involving the activities of the federal government. Specifically, the request sought records of the DOE's communications pertaining to fines under the Higher Education Act as that relates to Grand Canyon University.

5.     The DOE has not issued a response indicating a determination of whether it will comply with the public records request, as required by the FOIA, within 20 business days. The DOE has not issued a response indicating what date it will make its determination or if it will comply with the public records request, as required under the FOIA.

6.     The DOE failed to respond to the Institute's request within the statutory time period.

7.     The DOE has not released any responsive records to the Goldwater Institute within the DOE's control and possession.

8.     Based on the DOE's failure to comply with the FOIA, the Institute is left with no choice but to seek judicial relief to compel the production of records responsive to the Request.

**JURISDICTION AND VENUE**

9.     This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

10.     Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B).

**PARTIES**

11.    Plaintiff Goldwater Institute is a domestic non-profit 501(c)(3) corporation based in Phoenix, Arizona.

12.    Defendant U.S. Department of Education is an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1).

13.    The DOE has possession and control over the records that the Institute seeks under the FOIA.

**BACKGROUND**

14.    On December 4, 2023, the Institute submitted a public records request to the DOE through its online portal and email. Attached hereto and incorporated herein, as Exhibit A.

15.    The request sought the following documents and records:

(1)    Copies of all email communications between the individuals identified below pertaining to the Federal Student Aid's ("FSA") or the U.S. Department of Education's ("DOE") investigation and fine of Grand Canyon University ("GCU") for alleged violations of the Higher Education Act and/or federal regulations, as well as GCU's Provisional Program Participation Agreement, from January 1, 2021 to the date of this request:

   a.   Richard Cordray
   b.   Christopher Madaio
   c.   Kristen Donoghue
   d.   Susan Crim
   e.   Lina Khan
   f.   Michael Tankersley
   g.   Rohit Chopra

(2)    Copies of records that indicate the total number of complaints submitted by members of the public to the DOE pertaining to GCU's disclosure of the cost of its doctoral programs from January 1, 2020 to the date of this request.

*Id.* (emphasis in original).

16.    The Request sought expedited production and a fee waiver.

17.     On December 5, 2023, the ED FOIA Service Center, Office of the Secretary, acknowledged the Request and assigned the request the number, 24-00550-F (the "Acknowledgment"). Attached hereto and incorporated herein, as <u>Exhibit B</u>.

18.     The Acknowledgement denied expedited processing because the Institute purportedly did not qualify under one of the two required categories: "(1) Circumstances in which the lack of expedited treatment could pose an imminent threat to life or physical safety, or (2) You are a person primarily engaged in disseminating information and there exists an urgency to inform the public concerning actual or alleged Federal Government activity." *Id.* at 2.

19.     The Acknowledgement advised that the current average request processing time for the DOE is 185 business days. *Id.*

20.     The Acknowledgement did not state any unusual circumstances that would permit an extension, nor did it provide a date by which a determination is expected. *Id.*

21.     On December 6, 2023, the Institute sent a letter to the DOE that the Acknowledgement was not a response under the FOIA. Attached hereto and incorporated herein, as <u>Exhibit C</u>.

22.     The Institute stated that the DOE must comply with the statutory timeline under the FOIA. *Id.*

23.     On December 13, 2023, the DOE sent the Institute an email stating it conducted a search that located approximately 7,000 records of responsive documents and fees for the search were calculated to be $2,099.34 (the "Fee Estimate"). Attached hereto and incorporated herein, as <u>Exhibit D</u>.

24.     This Fee Estimate advised that until the DOE received notification of the Institute's willingness to pay the search fees, the pending search and review of documents would cease. *Id.*

25.     On December 14, 2023, the Institute responded to the Fee Estimate asking the DOE for clarification if the Institute's fee waiver was denied and arguing why the fee waiver should be approved. Attached hereto and incorporated herein, as <u>Exhibit E</u>.

4

26.     On December 19, 2023, the DOE sent a letter asserting that the Institute did not request a fee waiver. Attached hereto and incorporated herein, as <u>Exhibit F</u>.

27.     The letter stated that until the Institute agreed to pay the search fees the pending search and review of documents would cease. *Id.*

28.     On December 20, 2023, the Institute responded again, reasserting the same arguments from the December 14 letter, asking the DOE if the fee waiver was denied and asserting that the fee waiver should be approved. Attached hereto and incorporated herein, as <u>Exhibit G</u>.

29.     On December 22, 2023, the DOE granted the Institute's waiver of all fees. Attached hereto and incorporated herein, as <u>Exhibit H</u>.

30.     The Institute never agreed to pay for the search fees in the Fee Estimate because the fee waiver was granted.

31.     On January 12, 2024, the Institute sent a letter to the DOE demanding a response to the Request. Attached hereto and incorporated herein, as <u>Exhibit I</u>.

32.     On January 16, 2024, the DOE sent an email on its position of the timeline for issuing a response. Attached hereto and incorporated herein, as <u>Exhibit J</u>.

33.     The DOE believed their response was tolled on December 10, 2023, when the DOE provided the Fee Estimate,[1] until December 22, 2023, when the fee waiver was granted. *Id.*

34.     The email stated the DOE's "initial determination" would be provided the same day. *Id.*

35.     On January 16, 2024, the DOE sent the Institute a letter titled "20 Day Status Notification" (the "Notification"). Attached hereto and incorporated herein, as <u>Exhibit K</u>.

---

[1] The DOE did not provide the Fee Estimate on December 10, 2023, but rather it was provided on December 13, 2023. There were no communications between the Institute and the DOE on December 10, 2023.

36.     The Notification stated that there were unusual circumstances requiring an extension to the 20-day statutory timeline. *Id.* The unusual circumstance alleged was the Request would result "in a large amount of responsive records." *Id.* As such, the DOE would not be able to respond to the Request within the 20-day statutory requirement. *Id.*

37.     The Notification stated the DOE could not give an estimated completion date for when the Request would be completed. *Id.*

38.     The Notification repeated the Acknowledgement's statement that the average processing time for a request is 185 business days. *Id.*

39.     The Notification omitted information on how to appeal this alleged determination. *Id.*

40.     As of the date of this Complaint, it has been over 47 business days since the DOE acknowledged receipt of the Request.

41.     As of the date of this Complaint, the DOE has not provided a response notifying the Institute of the DOE's determination of whether the DOE will comply with the Request.

42.     Based on the DOE's failure to respond to the Institute's Request, the Institute seeks judicial relief to compel the production of records responsive to the Request.

**COUNT I**
**Failure to Respond Within the Statutory Time Period**
**(5 U.S.C. § 552(a)(6)(A), (B))**

43.     Plaintiff re-alleges and incorporates the preceding paragraphs.

44.     An agency response is due within 20 business days after a public records request is made. 5 U.S.C. § 552(a)(6)(A)(i); 34 C.F.R. § 5.21(c).

45.     An agency's response notifies the requester of the agency's determination, whether the agency will comply with the request. *Id.*

46.     Failure to comply with the time limits constitutes exhaustion of the requester's administrative remedies for purposes of judicial action to compel disclosure. 5 U.S.C. § 552(a)(6)(C); 34 C.F.R. § 5.21(c). *See also Harjo v. U.S. Citizenship &*

*Immigr. Servs.*, 811 F.3d 1086, 1092 (9th Cir. 2016) (when an agency fails to give a determination within the statutory timeframe, the requester can proceed directly to district court).

47.     The DOE's response was due 20 business days after the DOE's Acknowledgement.

48.     As early as December 6, 2023, the Institute put the DOE on notice that it would enforce the 20-day statutory provision.

49.     Only after the Institute sent a final demand on January 12, 2024, did the DOE send a response.

50.     That response, however, was legally deficient because it did not state whether a determination had been made regarding the Request, nor did it provide a time by which the requested records would be produced.

51.     On January 16, 2024, the DOE stated that an "initial determination" would come the same day, and the Notification was supplied that same day.

52.     The Notification was received 27 business days after the Acknowledgement.

***The DOE's Response Was Not Tolled.***

53.     An agency is permitted to toll the 20-day period only when: (1) it seeks additional information from the requester; or (2) if necessary to clarify issues regarding the fee assessment. 5 U.S.C. § 552(a)(6)(A)(ii).

54.     The DOE may make one request for additional information, tolling the 20-day period until they receive additional information. 34 C.F.R. § 5.40(d). *See also* 34 C.F.R. § 5.32(h) (DOE may toll while clarifying issues regarding fee assessment).

55.     The agency's receipt of the requester's response to the agency's request ends the tolling period. 5 U.S.C. § 552(a)(6)(A)(ii)(II).

56.     The Fee Estimate did not request additional information or seek to clarify issues regarding the fee assessment.

57.     The Fee Estimate is a demand for payment of search fees.

58.     The 20-day statutory period was not tolled from December 10 to December 22, 2023.

59.     The tolling period, if any, ended when the Institute responded to the DOE's request the following day.

60.     Even with the DOE's alleged tolling, the DOE's response to the Request was due by January 18, 2024.

61.     To date, the Institute has not received a response to its Request under 5 U.S.C. § 552(a)(6)(A), (B).

**The DOE's Notification Was Not a Response.**

62.     A determination must notify the requester whether the agency is complying with the request. 5 U.S.C. § 552(a)(6)(A)(i).

63.     An agency may give notice of the "unusual circumstances" requiring an extension to the public records request. 5 U.S.C. 552(a)(6)(B)(iii); 34 C.F.R. § 5.21(e). *See also Harjo*, 811 F.3d at 1092.

64.     A notice of unusual circumstances must include a permitted and defined reason for an unusual circumstance <u>and</u> the date on which a determination is expected. 5 U.S.C. 552(a)(6)(B) (emphasis added).

65.     The DOE stated it would provide an "initial determination" on January 16, 2024, and sent the Notification that same day.

66.     The Notification did not indicate whether the Request had been approved, denied, or partially approved or denied.

67.     The Notification did not include the basic information necessary to qualify as a response.

68.     The Notification omits a date when a determination is expected and provides a generic 185-day processing timeline.

69.     The Notification was not received within the 20-day statutory time period.

70.     The DOE has not responded to the Request within the statutory time frame.

8

71.     The Institute has exhausted its remedies. 5 U.S.C. § 552(a)(6)(C); 34 C.F.R. § 5.21(c).

72.     As of the date of this Complaint, the DOE has still not responded to the Request.

73.     The DOE's failure to respond to the Institute's Request violates the FOIA, 5 U.S.C. § 552(a)(6)(A), (B), and the DOE's corresponding regulations.

**COUNT II**
**Production Under the FOIA (5 U.S.C. § 552(a)(3)(A))**

74.     Plaintiff re-alleges and incorporates the preceding paragraphs.

75.     The DOE failed to respond to the Institute's request within the statutory time period. 5 U.S.C. § 552(a)(6)(A), (B).

76.     By failing to release any responsive, non-exempt records, or otherwise offer a reasonable schedule for production, the DOE has violated the FOIA. 5 U.S.C. § 552(a)(3)(A).

77.     The Institute properly requested records within the DOE's control and possession in accordance with the FOIA.

78.     The Institute has a right of access to the requested information under the FOIA, and there is no legal basis for the DOE's denial of such access.

79.     The DOE has wrongfully delayed and withheld the requested records from the Institute.

80.     The DOE's delays are not "reasonably necessary to the proper processing of the particular requests." 5 U.S.C. § 552(a)(6)(B)(iii).

81.     The Institute exhausted its administrative remedies with regard to the wrongfully withheld records.

82.     The DOE's failure to conduct a reasonable search and to timely make available and to release all the documents requested by the Institute violates the FOIA, 5 U.S.C. § 552(a)(3), 5 U.S.C. § 552(a)(6), and the DOE's corresponding regulations.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**REQUESTED RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

    a.  Expedite consideration of this Complaint pursuant to 28 U.S.C. § 1657;

    b.  Declare that Defendant improperly failed to respond to Plaintiff's FOIA Request, under 5 U.S.C. § 552(a)(6)(A), (B);

    c.  Declare that Defendant's failure to disclose the records requested by Plaintiff violates the FOIA;

    d.  Declare that the records sought by the Request, as described in the foregoing paragraphs, must be disclosed pursuant to 5 U.S.C. § 552;

    e.  Order that Defendant immediately conduct a complete and thorough search for all responsive records;

    f.  Order Defendant to immediately and expeditiously provide Plaintiff copies of the requested records;

    g.  Enjoin Defendant from withholding records and order Defendant to disclose the requested records in their entireties and make copies available to Plaintiff;

    h.  Enter a finding that personnel employed by Defendant acted arbitrarily and capriciously in withholding public records from Plaintiff as provided in 5 U.S.C. § 552(a)(4)(F);

    i.  Award Plaintiff costs and reasonable attorneys' fees in this action, as provided in 5 U.S.C. § 552(a)(4)(E); and

    j.  Grant such other and further relief as this Court may deem just and proper.

    **RESPECTFULLY SUBMITTED** this 14th day of February, 2024 by:

                            /s/ *Jonathan Riches*

                            Jonathan Riches (0257120

                            Stacy Skankey (035589)

                            **Scharf-Norton Center for Constitutional Litigation at the GOLDWATER INSTITUTE**

                            *Attorneys for Plaintiff*