

December 20, 2023

**SENT VIA E-MAIL**

U.S. Department of Education
Office of the Secretary
FOIA Service Center
400 Maryland Avenue, SW, LBJ 7W106A
Washington, DC 20202-4536
Sandra.Lewandowski@ed.gov
ATTN: Sandra Lewandowski

   Re: Freedom of Information Act Request Regarding Grand Canyon University
      FOIA Request No. 24-00550-F

Dear Ms. Lewandowski:

  I am writing in response to your email, dated December 19, 2023. You state that the Goldwater Institute ("Institute") did not request a fee waiver in our initial FOIA request, submitted December 4, 2023 (the "Request"). As stated in our last communication, the Institute did seek a fee waiver and satisfied the necessary elements for a fee waiver. The Institute has used the same template for FOIA requests to other federal agencies, and those requests have been granted. Nevertheless, we will again reiterate our position which was outlined in the Request, and again in our December 13, 2023 letter.

  "Documents shall be furnished without any charge or at a charge reduced … if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii). The requester must describe with reasonable specificity and pinpoint the type of government activity they are investigating. *See Citizens for Resp. & Ethics in Washington v. U.S. Dep't of Educ.*, 593 F. Supp. 2d 261, 268 (D.D.C. 2009). FOIA waiver requests are "liberally construed in favor of waivers for noncommercial requestors." *Jud. Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1312 (D.C. Cir. 2003). The Department of Education ("DOE") is guided by these principles when determining if the requester satisfied the factors in 34 C.F.R. § 5.33(b).

  The subject of the Request specifically concerns identifiable operations or activities of the government. *See* 34 C.F.R. § 5.33(b)(1). The Request seeks records of the DOE's investigations and

Sandra Lewandowski
December 20, 2023
Page **2** of **3**

fines of the Higher Education Act as that relates to the investigation and fine of Grand Canyon University ("GCU") which has been widely discussed in the public.[1]

The requested information is meaningfully informative in relation to the subject matter of the Request. *See* 34 C.F.R. § 5.33(b)(2). The requested documents will inform the public of how the DOE conducts its investigations and fines of the Higher Education Act. And of particular interest to the public is the communications between federal agencies.

The disclosure will contribute to the public's understanding of government operations, as opposed to an individual or narrow segment of interested persons. *See* 34 C.F.R. § 5.33(b)(3). The investigation and fine of GCU was publicly announced by the DOE on October 31, 2023. The public announcement was widely reported throughout several national media outlets. *See*, *e.g.*, *supra* note 1. The DOE itself stated that the investigation and fine of GCU was important in protecting taxpayers; thus, it is in the interests of all taxpayers to understand the DOE's operations.

The public's understanding of the subject matter existing prior to the disclosure is likely to be enhanced significantly by the disclosure. *See* 34 C.F.R. § 5.33(b)(4). The DOE's October 31, 2023, public announcement of its historic fine to GCU because of the DOE investigation, did not provide details and information about how the DOE conducted its investigation, nor did it point to complaints submitted to the DOE. The Request seeks information that will contribute to the public's understanding of the DOE's investigations and the public's understanding will be enhanced significantly with this disclosure.

Once more, the Institute is a not-for-profit 501(c)(3) organization, and no responsive records will be used for commercial purposes. We regularly publish scholarly articles, opinion pieces, blog posts, and we interact with the public regularly through the news media and our own distribution

---

[1] *See*, *e.g.*, *U.S. Department of Education Office of Federal Student Aid Fines Grand Canyon University $37.7 Million for Deceiving Thousands of Students*, U.S. Dep't of Educ. (October 31, 2023), https://www.ed.gov/news/press-releases/us-department-education-office-federal-student-aid-fines-grand-canyon-university-377-million-deceiving-thousands-students#:~:text=The%20U.S.%20Department%20of%20Education,the%20past%20four%20award%20years; Danielle Douglas-Gabriel, *Grand Canyon University Pushes Back Against $37M Fine from Education Dept.,* Wash. Post (Nov. 16, 2023), https://www.washingtonpost.com/education/2023/11/16/grand-canyon-university-appeal-education-department-fine/; Kenneth Wong, *Grand Canyon University Fined Millions by Federal Education Officials,* Fox10 (Oct. 31, 2023), https://www.fox10phoenix.com/news/grand-canyon-university-fined-millions-by-federal-education-officials-heres-what-to-know; Katie Lobosco, *Biden Administration Fines Grand Canyon University $37.7 Million for Misrepresenting Cost of Doctoral Programs* (Oct. 31, 2023), https://www.cnn.com/2023/10/31/politics/biden-grand-canyon-university-tuition/index.html; Sasha Hupka, *Grand Canyon University Fined $37.7M for Deceiving Students About Cost of Doctoral Degrees* (Oct. 31, 2023), https://www.usatoday.com/story/news/education/2023/10/31/grand-canyon-university-fined/71396593007/.

Sandra Lewandowski
December 20, 2023
Page **3** of **3**

channels, including our webpage. These communications are on pressing issues of public policy of public interest and importance. The Request seeks information for this purpose and use.

We again ask for the DOE to confirm whether our fee waiver request has been denied. 5 U.S.C. § 552(a)(6)(A) (an agency must notify the requester within 20 days the basis for any denial). The denial letter "must be reasonably calculated to put the requester on notice as to the deficiencies in the requester's case. *Friends of the Coast Fork v. U.S. Dep't of the Interior*, 110 F.3d 53, 55 (9th Cir. 1997). If the reason for the denial is "inadequate, and if the requesters meet their burden, then a full fee waiver is in order." *Id.*

<u>*Alternatively*</u>, if our fee waiver request is denied, fees must be limited to "reasonable standard charges for document duplication." 5 U.S.C. § 552(a)(4)(A)(ii)(II). The Institute is a not-for-profit 501(c)(3) organization. Through research, investigations, strategic litigation, testimony, advocacy, and education, the Institute advances public policy and the rule of law. The Internal Revenue Service recognizes our tax-exempt status as an entity organized and operated for educational purposes. *See* 26 U.S.C. § 501(c)(3). As such, the Institute is not required to pay the $2,099.34 for document searches. Our offer to pay up to three hundred dollars ($300.00) for duplication, is presented as an alternative if the fee waiver is denied.

Finally, we decline to narrow the Request in the manner suggested as it would defeat the purpose of the Request and the public's understanding of the operations and activities of the DOE. The Institute's Request is already limited in nature. If the 7 identified individuals have approximately 7,000 emails between each other discussing GCU's investigation and fine, we believe it is in the public's best interest to disclose this information.

If you have any questions about this request or foresee any problems in fully releasing the requested records please contact me as soon as possible, I can be reached at (602) 465-5000 or sskankey@goldwaterinstitute.org.

Sincerely,

Stacy Skankey
Staff Attorney
Scharf-Norton Center for
Constitutional Litigation at the
Goldwater Institute