**Scharf-Norton Center for Constitutional Litigation at the GOLDWATER INSTITUTE**
Jonathan Riches (025712)
Stacy Skankey (035589)
500 E. Coronado Rd.
Phoenix, Arizona 85004
(602) 462-5000
litigation@goldwaterinstitute.org

*Attorneys for Plaintiff*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Barry Goldwater Institute for Public Policy Research,<br><br>Plaintiffs,<br><br>vs.<br><br>U.S. Department of Education,<br><br>Defendants, | No. 2:24-cv-00314-SMM<br><br>**JOINT STATUS REPORT** |

Pursuant to this Court's Order (Doc. 38), the Parties address the following questions in this Joint Status Report: 1) whether oral argument may proceed on the briefing as filed; 2) if additional briefing is needed, whether supplemental briefing would suffice or whether entirely new motions for summary judgment are necessary; and 3) the status of the Department's enforcement action against GCU and GCU's appeal of such before the Department's Office of Hearings and Appeals.

**Plaintiff's Position:**

Oral argument may proceed with the existing briefing; no additional briefing is necessary. As fully set forth in Plaintiff's Motion for Summary, the Institute is entitled to relief because the Department failed to respond within the FOIA's statutory time period, and the Department did not meet its burden of proving the application of any FOIA exemption.

As of the date of this filing, the Department has not produced the requested records nor disavowed its prior exemption claims. Despite the change in Administration,

the Department has not indicated any change in its litigation position in this case. *See* 5 U.S.C. § 552(a)(4)(B) ("the burden is on the agency to sustain its action."). The FOIA requires the Department "to make the records promptly available." 5 U.S.C. § 552(a)(3)(A). The Department has still failed to do so.

The legal issues raised in Plaintiff's Motion for Summary Judgment remain fully briefed, unchanged, and ripe for immediate resolution. Further delay in this matter will only enable the Department to evade responsibility to comply with the FOIA, irrespective of any personnel changes. Accordingly, the Court should proceed with oral argument on the briefing as filed.

The Institute takes no position on the status of the Department's enforcement action against GCU. Regardless of the outcome of that action, the Department remains obligated to produce the public records requested in this case, as required by the FOIA.

**Defendant's Position:**

As the Court is likely aware, the Department of Education has undergone a significant reduction in force in the last 30 days.  The agency attorneys who assisted significantly with this case have been terminated, as have their supervisors, and no one at the Department of Education has yet been able to access to their files, although they are working to gain access.  Because of the abrupt departures of the attorneys and of Department leadership, no one remaining at the Department of Education was aware of this case or had been pursuing the potential re-processing and re-release of the documents.  As a result, counsel cannot say whether additional briefing will be needed because no one at the Department of Education can advise whether the documents will be re-processed.  Counsel has been advised that on March 26, 2025, the Department of Education withdrew the fine against GCU and GCU dismissed its appeal of the fine.  In light of the uncertainty regarding the Department of Education's position regarding the whether the documents will be re-processed, Defendant asks that the oral argument be postponed until the Department of Education can access the departed attorneys' files and make a decision regarding re-processing the documents.

**RESPECTFULLY SUBMITTED** this 11th day of April, 2025 by:

/s/ *Stacy Skankey*
Jonathan Riches (0257120
Stacy Skankey (035589)
**Scharf-Norton Center for Constitutional Litigation at the GOLDWATER INSTITUTE**

*Attorneys for Plaintiff*

/s/ *Katherine R. Branch (w/permission)*
Katherine R. Branch
Victoria H. Gray
Assistant U.S. Attorneys
**TIMOTHY COURCHAINE
UNITED STATES ATTORNEY
DISTRICT OF ARIZONA**

**CERTIFICATE OF SERVICE**

Document Electronically Filed and Served on all counsel of record by ECF this 11th day of April, 2025.

/s/ *Kris Schlott*
Kris Schlott, Paralegal

1